IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL J. CORDARO,

                Petitioner,

                                                 19-CV-6601 MAT

    vs.

DEPARTMENT OF DEFENSE,

                Respondent.

## ANSWER

Respondent, by and through its attorneys, James P. Kennedy, Jr., United States Attorney, Kathryn L. Smith, Assistant United States Attorney, of counsel, hereby answers and responds to the *pro se* Petitioner's Complaint[1] upon information and belief as follows:

1.      The allegations contained in paragraph 1 regarding whether Petitioner had another case before the United States Court of Appeals for the Federal Circuit or a United States district court are denied for lack of information and belief.   The allegation that Petitioner does not have a case before the Equal Employment Opportunity Commission is denied.

---

[1]    This action arises from Petitioner's appeal to the Merit Systems Protection Board ("MSPB") of his September 2018 removal from federal employment.   Plaintiff's "mixed case" appeal alleged misapplication of management standards and illegal discrimination based on gender, *i.e.* male.   On or about July 1, 2019, Petitioner appealed the MSPB's Initial Decision affirming his termination to the United States Court of Appeals for the Federal Circuit and, on July 11, 2019, filed an informal brief with the Circuit Court.   Finding that it did not have jurisdiction to hear mixed case MSPB appeals, the Circuit Court ordered the transfer of Petitioner's appeal to the District Court for the Western District of New York on August 16, 2019.   Because Petitioner has not filed a complaint in the transferred case, Respondent answers Petitioner's informal brief appearing at Doc. No. 9 (pp. 58-160 in Doc. No. 13) as though it were a pleading under Rule 8(a) of the Federal Rules of Civil Procedure.

2. The allegations contained in paragraph 2 alleging that the Merit Systems Protection Board incorrectly decided facts or incorrectly failed to take facts into account are denied.

3. The allegations contained in paragraph 3 alleging that the Merit Systems Protection Board applied the wrong law are denied.

4. The allegations contained in paragraph 4 that the Merit Systems Protection Board failed to consider important grounds for relief are denied.

5. The allegations contained in paragraph 5, including the referenced attachments, alleging other reasons why the Merit Systems Protection Board decision are vague and incomprehensible. To the extent an answer is required, Respondent denies the allegation, including all allegations referenced in the complaint attachments.

6. The allegations contained in paragraph 6 regarding what action the Petitioner would like the court to take is a request for relief, to which no response is required. In the event that these allegations are deemed to be factual in nature, or that a response is required, they are denied.

7. The allegation contained in paragraph 7 regarding the necessity of oral argument is a court procedural question to which no answer is required.

**General Denial**

Respondent denies each and every allegation in this Complaint not specifically admitted or denied in some manner.

## Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted.

2. The district court lacks jurisdiction over some or all of the allegations in the Complaint.

3. Petitioner failed to exhaust his administrative remedies.

4. The decision of the Merit Systems Protection Board was neither arbitrary, capricious, nor an abuse of discretion, was consistent with applicable law, and was supported by substantial evidence.

5. At all times and in all matters relevant to the Complaint, Respondent acted in good faith.

6. At all times and in all matters relevant to the Complaint, Respondent, its agents, officers, and employees, acted in accordance with the laws of the United States.

7. Respondent had legitimate non-discriminatory and non-pretextual reasons for the actions at issue in Petitioner's Complaint.

8. Respondent did not discriminate against Petitioner on the basis of his sex.

9. Respondent has articulated reasons for its actions and Petitioner cannot show evidence that the Agency's reason for its action was pre-textual.

10. To the extent damages are recoverable against Respondent; Petitioner is not entitled to recover prejudgment interest.

11.     Petitioner failed to mitigate his damages.

**WHEREFORE**, Respondent demands judgment dismissing the Petitioner's Complaint in this action and for whatever further relief the Court may deem just and proper, including fees and costs.

Dated:       Rochester, New York,
             December 5, 2019

                                        JAMES P. KENNEDY, JR.
                                        United States Attorney


                                BY:     s/KATHRYN L. SMITH
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        Western District of New York
                                        100 State Street, Suite 500
                                        Rochester, New York   14614
                                        Telephone: 585/263-6760
                                        **Kathryn.L.Smith@usdoj.gov**

TO:     Temple L. Wilson, Esq.
        Assistant General Counsel
        Employment and Administrative Law
        Defense Contract Audit Agency