**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

**MICHAEL CORDARO** **United States CASE:**

**Petitioner** **#19-CV-6601 MAT**

**v.**

**DEPARTMENT OF DEFENSE**

**Respondent** **DATE: June 20, 2020**

**APPELLANT'S MOTION FOR COURT INTERVENTION – DENIAL OF ACCESS**

I am writing to request your assistance in resolving a discovery dispute that has arisen in the above-referenced court case of Cordaro v. DOD. The employeement action was as a result of the termination action that was initiated by the Department of Defense ("DOD") against the Petitioner Michael Cordaro, *pro se*.

The first mandatory disclosures pursuant to FR Civil P Rule 26(a)(1) was sent to the Petitioner to the DOD on February 9, 2020. These details were revised and superseded on February 17, 2020 with the Petitioner's First Discovery requests (initial submission). In order to assist the DOD in providing discovery requests that were relevant to the case, the Petitioner's First Discovery requests were again revised (initial request, third submission) on March 1, 2020. Ms. Kathryn Smith requested that additional revisions to the request be made in spite of the fact

that two revisions had already been made in order to better meet her and the agencies demands. The Petitioner listened to the demands of Ms. Smith and revised his request based upon feedback that was provided to him on her behalf. Between February 9 and March 9, 2020, there were several emails and a lengthy phone discussion that were initiated in order to attempt to resolve differences pertaining to the Petitioners discovery request. On March 9, 2020, I as the Petitioner wrote to inform Ms. Smith that no additional revisions to the request would be initiated due to the fact that her demands were considered in the two previous revisions, each remaining request for discovery was discussed and understood by her, and substantial changes and omissions had already been made. Responses to the First Mandatory disclosures pursuant to FR Civil P Rule 26(a)(1) were made available electronically on May 20, 2020. The DOD failed to respond with any meaningful support whatsoever for each and every question that was presented to the DOD. Rather than correspond with agency staff in order to answer questions relevant to the case, Ms. Smith merely indicated that she had no firsthand knowledge of questions and claimed that she herself could not provide answers. The DOD responses were not sufficient to answer the demands [See Exhibit A].

A second, independent request for production was sent to the DOD on May 16, 2020 with a requested due date of June 15, 2020. Between May 29 and June 1, 2020, Ms. Smith and I corresponded by email to discuss the request. It was also discussed that if the due date of June 15, 2020 was not met, I as the Petitioner would request court intervention and begin initiating the denial of access process. On June 1, 2020, Ms. Smith acknowledged that she would be working to prepare a response to questions on or before June 15, 2020. In spite of this acknowledgment, requests for discovery remained largely incomplete with the support furnished not adequately

addressing the demands of the request [See Exhibit B]. For example, the respondent failed to provide any documented instances of alleged instances of misconduct committed by the appellant, Mr. Michael Cordaro, that occurred within the last five years in spite of the fact that the respondent made reference to a file that was issued in August 2013 and purged in August 2015.

I am enclosing the DOD's recent responses to the Petitioner's initial request and second request for the Production and Interrogates that did not meet the discovery demand [Exhibit A and B]. Ms. Kathryn Smith indicated in writing that the appellants' formal discovery requests were merely interrogates, implying that they were not true discovery and therefore not obligated to meet the discovery demands. Because of the agencies lack of meaningful support on the initial request and second request, I am requesting that the court intervene through the Denial of Access process and order the Respondent to come forward and provide support relevant to this case.

**EXHIBIT A**

**DISCOVERY QUESTION #1)**

Copy of the appellant's permanent file records in its entirety. The file should include the Electronic Personnel File (EPF) and drop file, including all annual and interim performance appraisals as a GS-9, GS-11, and GS-12 auditor on record since hire in 2011.

***RESPONDENT REPLY TO #1)***

*Respondent objects to this demand on the grounds that the information sought, specially Petitioner's personnel file associated with employment with the federal government, is equally available to the petitioner through online access. Respondent further objects to this demand on the grounds that the information sought, namely Petitioner's entire personnel file, is overly broad and unduly burdensome in that the EPF contains irrelevant documents that will not lead to the discovery of admissible relevant evidence involving a claim ore defense in this action; the request is therefore unreasonable in relation to the needs of the case. Without waiving these objections, and subject to them, Respondent has requested Petitioner's EPF which will be disclosed once it is received.*

**DISCOVERY QUESTION #2)**

Any documented instances (email, permanent file, or otherwise) of alleged instances of misconduct committed by the appellant, Mr. Michael Cordaro, that occurred within the last five years.

***RESPONDENT REPLY TO #2)***

*Response objects to this demand on the grounds that the information sought about Petitioner's misconduct is equally available to Petitioner. Respondent further objects to this demand on the grounds that the information sought is overly broad and unduly burdensome in that it would require the government expend an unreasonable amount of time and effort to conduct a broad search for documents across numerous platforms for information that does not relate to Petitioner's termination for poor job performance that is the subject of this action; the request is therefore unreasonable in relation to the needs of the case. Respondent further objects to this demand because it seeks information about misconduct that is not related to claims or defenses regarding Petitioner's job performance and allegations of gender discrimination that are the subject of this lawsuit. Respondent further objects to this demand on the grounds that it is vague with regard to the term "misconduct." Without waving these objections, and subject to them, refer to documents Bates Numbered US 108-US119 previously disclosed.*

**DISCOVERY QUESTION #3)**

Copy of the 2017 and 2018 annual performance appraisal of Ms. Edkin.

***RESPONDENT REPLY TO #3)***

*Respondent objects to this demand on the grounds that it is overly broad in that it seeks information about a federal employee's job performance that will include information that is entirely irrelevant to the issue in this action, namely Petitioner's allegation that he was subjected to gender discrimination. Respondent further objects to this demand on the grounds that the information sought is subject to protection under the Privacy Act of 1974, 5 U.S.C. Section 552a.*

**DISCOVERY QUESTION #4)**

Copy of the 2017 and 2018 annual performance appraisal of Ms. Essom.

***RESPONDENT REPLY TO #4)***

*Respondent objects to this demand on the grounds that it is overly broad in that it seeks information about a federal employee's job performance that will include information that is entirely irrelevant to the issue in this action, namely Petitioner's allegation that he was subjected to gender discrimination. Respondent further objects to this demand on the grounds that the information sought is subject to protection under the Privacy Act of 1974, 5 U.S.C. Section 552a.*

**DISCOVERY QUESTION #5)**

Copy of the 2017 and 2018 annual performance appraisal of Ms. Sholar.

***RESPONDENT REPLY TO #5)***

*Respondent objects to this demand on the grounds that it is overly broad in that it seeks information about a federal employee's job performance that will include information that is entirely irrelevant to the issue in this action, namely Petitioner's allegation that he was subjected to gender discrimination. Respondent further objects to this demand on the grounds that the information sought is subject to protection under the Privacy Act of 1974, 5 U.S.C. Section 552a.*

**DISCOVERY QUESTION #6)**

Copy of the 2017 and 2018 annual performance appraisal of Ms. Neville.

***RESPONDENT REPLY TO #6)***

*Respondent objects to this demand on the grounds that it is overly broad in that it seeks information about a federal employee's job performance that will include information that is entirely irrelevant to the issue in this action, namely Petitioner's allegation that he was subjected to gender discrimination. Respondent further objects to this demand on the grounds that the information sought is subject to protection under the Privacy Act of 1974, 5 U.S.C. Section 552a.*

**DISCOVERY QUESTION #7)**

Name of each member of the Rochester, NY area office staff that Ms. Sholar had a sit down with the week of July 23, 2018 to discuss matters pertaining to the relationship between the appellant and Ms. Essom.

***RESPONDENT REPLY TO #7)***

*Respondent objects to this demand on the grounds that it is vague and incomprehensible in that it cannot be ascertained what is meant by "pertaining to the relationship."*

**DISCOVERY QUESTION #8)**

Name of each member of the Rochester, NY area office staff that Ms. SHolar allegedly spoke to one-on-one to discuss issues raised by the appellant against Ms. Essom at any point in time between October 2017 and July 2018.

***RESPONDENT REPLY TO #8)***

*Respondent objects to this demand on the grounds that it is overly broad in that it seeks information that is unrelated to any claim or defenses this action, namely Petitioner's allegations that he was subjected to gender discrimination. Respondent further objects to this demand on the grounds that it is vague and incomprehensible in that it cannot be ascertained what is meant by "to discuss issues raised by the appellant against Ms. Essom at any point in time."*

**DISCOVERY QUESTION #9)**

It was indicated to the Assistant United States Attorney that the appellant "has contacted a number of this former colleagues at DCAA about litigation". Please provide details regarding the names of the individuals that the appellant allegedly contacted, when the appellant allegedly contacted his former coworkers, what the appellant allegedly indicated in regards to the case to his former coworkers, and how in fact comments that the appellant allegedly stated were concerns to the agency.

***RESPONDENT REPLY TO #9)***

*Respondent objects to this demand because it seeks information that is not related to claims or defenses regarding Petitioner's job performance and allegations of gender discrimination that are the subject of this lawsuit. Respondent further objects on the ground that the inquiry intrudes on attorney-client privilege. Respondent further objects to this demand on the grounds that the information sought, specifically Petitioner's attempts to contact his former co-works, is information that is equally available to Petitioner.*

**DISCOVERY QUESTION #10)**

Ms. Essom attests that there is "no opinions" or "judgment calls" in reference to satisfying weekly objectives found on the MRF details that were made available to the appellant while he was placed on a PIP. In other words, she is claiming that all supervisors in her position would have formed the exact same opinion. The appellant is requesting agency oversight and guidelines regarding how individual work paper steps (such as the work paper steps that were performed by the appellant while on his PIP) are determined to be satisfied.

***RESPONDENT REPLY TO #10)***

*Respondent objects to this demand on the ground that it is vague and incomprehensible with regard to what is meant by "agency oversight and guidelines regarding how individual work paper steps (such as the work paper steps that were performed by the appellant while on his PIP) are determined to be satisfied." Without waiving these objections, and subject to them, refer to documents Bates Numbered US 1489, 1491-92, 1494, previously disclosed. Petitioner is also referred to the Generally Accepted Government Auditing Standards which are publically available.*

**DISCOVERY QUESTION #11)**

Documents and other details pertaining to the voluntary demotion of Mr. Joel Verstraete from a GS-13 to a GS-12 from a GS-13 incurred cost technical specialist and GS-13 supervisor to a GS-12 auditor under then GS-13 supervisor Mr. Alan Lathrop in 2017.

***RESPONDENT REPLY TO #11)***

*Respondent objects to this demand on the grounds that it is overly broad in that it seeks information about a federal employee that is not relevant to the issue in this action, namely Petitioner's allegations that he was subjected to gender discrimination. The employee about whom the information is requested is not an appropriate comparator for employment discrimination purposes. Respondent further objects to this demand on the ground that it is vague and incomprehensible with regard to the terms "documents and other details." Respondent further objects to this demand on the grounds that the information sought is subject to protection under the Privacy Act of 1974, 5 U.S.C. Section 552a. Petitioner is referred to documents Bates Numbered US 4084-85 and US 4159-60 previously disclosed.*

**INTERROGATE QUESTIONS)**

The Petitioner (Mr. Michael Cordaro) requested that the defendant answer either "yes or no" or "confirm or deny" to a series of interrogate questions. The defendant refused to respond to a single question in the request, merely providing the exact same response to each and every question that was listed. The Petitioner specified the exact individual within the agency (either Ms. Temple Wilson, Ms. Jessie Essom, Ms. Michele Sholar, or Ms. Debra Neville) that each question was addressed to. The Petitioner edited the list of questions on two occasions based upon the feedback of the respondent in order to limit the number of questions and to only display relevant questions within the request. The exact same response was used for every submission by the respondent:

***RESPONDENT REPLY TO INTERROGATE QUESTIONS)***

*"Respondent objects to this request for admission on the grounds that it is addressed to an individual who is an attorney for Respondent and who lacks firsthand knowledge about the subject matter at issue; the request seeks information that is subject to attorney-client privilege; the request is vague and incomprehensible; the request is in an improper form in that it requests Respondent to admit facts that are in dispute, central to this legal action, and cannot be admitted or denied without substantial explanation; the request is in an improper form in that it is not direct, simple, and limited to a singular relevant fact; the request is argumentative; the request is not relevant; and the overall number of requests for admission propounded by Petitioner are undue and present an onerous burden on Respondent. The request for admission is therefore denied. Petitioner is referred to the previously disclosed administrative record of the Merit System Protection Board Cse file in Michael Cordaro v Dep Defense, MSPB Docket Number NY-0432-18-0217-1-1 (US 1-US2680) and the related hearing transcript (US 3957-4306).*

**EXHIBIT B**

**DISCOVERY QUESTION #1)**

A copy of the 2014, 2015, 2016, 2017, and 2018 performance appraisal of each of the NCBO Rochester GS-12 auditors that were in the office at the time of and at least five years prior to the dismissal of the appellant, Mr. Michael Cordaro. They are the following individuals: Ms. Molly Watson, Ms. Jamie-Lynn Herold, Ms. Deanna Cebula, Ms. Ginger Strom, Ms. Julie Wilsey, Ms. Jessica Filopowski, Ms. Amanda Coe, Mr. Stan Jones, Mr. Darren Mitcham, Mr. Craig Fisher.

***RESPONDENT REPLY TO #1)***

*Respondent objects to this demand on the grounds that it is overly broad in terms of time and relevance. Respondent further objects on the grounds that the information sought is subject to protection under the Privacy Act of 1974, 5 U.S.C. Section 552a. Without waiving these objections, and subject to them, Respondent provides a redacted copy of the performance appraisal for each employee supervised by Jessie Essom during the 2017 performance appraisal period, identifying each employee's gender, at Bates Nos. US 4308-4331.*

**DISCOVERY QUESTION #2)**

A copy of the 2018 performance appraisal of all GS-12 auditors in the office at the time of the appellants removal, including the performance appraisals of Ms. Molly Watson, Ms. Jamie-Lynn Herold, Ms. Deanna Cebula, Ms. Ginger Strom, Ms. Julie Wilsey, Ms. Jessica Filopowski, Ms. Amanda Coe, Ms. Anne Leach, Ms. Sara Sinopoli, Ms. Kay Kulwindar, Ms. Joel Verstraete, Mr. Stan Jones, Mr. Darren Mitcham.

***RESPONDENT REPLY TO #2)***

*Respondent objects to this request on the grounds that it is irrelevant in that it seeks information about performance appraisals that were conducted after the relevant time period. Respondent further objects on the grounds that the information sought is subject to protection under the Privacy Act of 1974, 5 U.S.C. Section 552a. Without waiving these objections, and subject to them, Respondent provides a redacted copy of the performance appraisal period, identifying the employee's gender, at Bates Nos. 4332-4367.*

**DISCOVERY QUESTION #3)**

An agency wide listing of all of the GS-12 senior auditors that were given the opportunity to take demotions back down to the GS-11 senior auditor level since the current performance standards were approved by OPM. There is agency confirmation that other GS-12 auditors were given the opportunity to take demotion down to the GS-11 level not offered to the petitioner.

***RESPONDENT REPLY TO #3)***

*Respondent objects to this demand on the grounds that the information sought is overly broad, seeks information that is not relevant to a claim or denfense raised in this matter, and the burden of producing the requested discovery outweighs its likely benefit. Without waiving these objects and subject to them, Respondent states that it has conducted a records search for documents for Field Detachment Auditors who, within the last 5 years, in the Rochester, NY office area location, have been downgraded from a GS-12 to a GS-11. Respondent does not possess responsive documents.*

**DISCOVERY QUESTION #4)**

Any documented instances (electronic personnel file (EPF) and drop file, email, permanent file, or otherwise) of alleged instances of misconduct committed by the appellant, Mr. Michael Cordaro, that occurred within the last five years. (Written Document, Written Confirmation, and Tangible Things for Inspection).

***AGENCY REPLY TO #4)***

*Respondent objects to this demand on the grounds that the information sought is overly broad and irrelevant in that it seeks information about a federal employee's job performance that will include information that is irrelevant to any claim or defense in this matter, particularly Petitioners' allegations that he was subject to gender discrimination. Respondent further objects to the demand on the ground that it is vague with regard to the term "Alleged instances of misconduct." Without waiving these objections and subject to them, Respondent provides responsive documents at Bates Nos. US 4368-4370.*

*Respondent further states that DACC Branch Manager Mike LaLoggia issued Petitioner written counseling in response to a security violation in which Petitioner typed classified information into an unclassified computer. The counseling memo was purged in accordance with Respondent's document retention policies.*

*Respondent further states that it will obtain and disclose a copy of Petitioner's personnel files upon receipt of the enclosed release signed by Petitioner.*

United States District Court
Western District of New York
Rochester, New York 14614

Michael Cordaro
35 Chateau Lane
Rochester, NY 14626

June 20, 2020

Mark W. Pedersen
United States Magistrate Judge

Written Proof that the Motion to Amend (Denial of Access) was serviced to the Opposing Counsel on June 20, 2020:

Dear Judge Pederson,

I am providing you with proof that a copy was serviced to opposing counsel, Ms. Kathryn Smith. This notice will also be also be mailed to Ms. Smith at her business address:

Kathryn L. Smith, AUSA
U.S. Attorney's Office
100 State Street
Rochester, NY 14614

I politely request that you docket the motion and issue a decision.

Very truly yours,
Michael Cordaro
Michael Cordaro, Plaintiff
*Cordaro v. Department of Defense, No. 19-CV-6601-EAW-MJP*

Enclosure:
Cc: Kathryn L. Smith, AUSA

Michael Cordaro <m.j.cordaro@gmail.com>
to Kathryn
Sat, Jun 20, 7:09 PM (19 hours ago)

Ms. Smith,

Please reference the attached third request for discovery support. I am requesting a response on or before Monday, July 20, 2020, which is 30 days from today. For your convenience, I have also mailed this letter to the following address.

Ms. Kathryn Smith
100 State Street, Suite 500
Rochester, NY 14614

Also I do not believe that the demands of the first and second request for discovery have been satisfied. For that reason, I have furnished a separate motion (attached) to the judge. For your convenience, I have also mailed this letter to your address.

If you have any questions, please do not hesitate to contact me.

Thank you, Michael.

2 Attachments