IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

MICHAEL CORDARO,

                Petitioner                19-CV-6601 EAW

    v.

DEPARTMENT OF DEFENSE,

                Respondent.

## OPPOSITION TO PETITIONER'S MISCELLANEOUS MOTION

Respondent United States Department of Defense ("DOD"), through its attorneys, James P. Kennedy, Jr., United States Attorney, and Kathryn L. Smith, Assistant United States Attorney, of counsel, opposes Petitioner's Motion (Docket No. 29), and states the following in support.

## INTRODUCTORY STATEMENT

In this action challenging his removal from federal employment, Petitioner Michael J. Cordaro, *pro se*, filed at Docket Number 29 what appears to be two motions combined into a single filing ("Motion"). First, Petitioner moves this Court for an order rendering a factual finding that Petitioner requested a transfer in October 2017. Motion, Docket 29, pp 1-14. Second, Petitioner objects to the Respondent's responses to his discovery demands, in particular his Requests for Admission and Second Requests for Production. Motion, Docket 29-1, pp. 1-16.

Respondent opposes both parts of Petitioner's Motion. Petitioner's request that this Court make a credibility finding based on what is essentially a premature and unsupported

summary judgment motion is without merit. Further, Respondent appropriately denied Petitioner's Requests for Admission and replied to Petitioner's document demands. While Petitioner appears to disagree with the responses, his Motion does not establish that the responses are inadequate. The Motion should be denied in it entirety.

## BACKGROUND

In this action against DOD, Petitioner has raised a "mixed case" appeal under the Civil Service Reform Act of 1978 ("CSRA"). In 2011, Petitioner, a certified public accountant, was hired as a GS-12 auditor by the Defense Contract Auditing Agency ("DCAA")[1] in Rochester, New York, an agency of the DOD. In October 2017, Petitioner was reassigned to Jessie Essom, a team supervisor in the DCAA Rochester office. After a number of months working under a Performance Improvement Plan, in September 2018, Mr. Cordaro was removed from his position as an accountant with the DOD due to performance issues. He appealed his removal to the Merit Systems Protection Board ("MSPB"). In his appeal, he alleged, first, that the agency applied the incorrect performance standards and, second, that he was illegally discriminated against because he is male. The MSPB affirmed DOD's personnel decision, and the case is now on appeal to the District Court.

In this "mixed case" appeal of an MSPB determination, the District Court will review the MSPB decision on the merits of the agency's personnel action based on the

---

[1] DCAA is an agency under the control of the Under Secretary of Defense that performs all necessary contract audit functions for DOD and provides accounting and financial advisory services to all Defense components responsible for procurement and contract administration.

administrative record to determine if the decision was arbitrary and capricious. 5 U.S.C. § 7703(c). Petitioner's claim that his removal was motivated by illegal gender discrimination under the Civil Rights Act is reviewable *de novo*. 5 U.S.C. § 7703(c); *see White v. Tapella*, 876 F. Supp. 2d 58, 64–65 (D.D.C. 2012).

## PETITIONER'S MOTION REGARDING HIS TRANSFER REQUEST SHOULD BE DENIED.

In his Motion (pp. 1-12), Petitioner alleges that in October 2017, he asked his second level supervisor, Michele Sholar, to transfer him off of the auditing team led by his first level supervisor, Jessie Essom. Although the relevancy of this allegation to the issues on appeal is not readily apparent from the face of the Motion, Petitioner appears to suggest that Ms. Sholar's failure to grant the request is evidence of animus against Petitioner based on his gender that motivated his removal.[2] Respondent construes Petitioner's Motion as a motion for summary judgment seeking a finding of fact that he affirmatively requested a transfer in October 2017.

In support of his Motion, Petitioner quotes part of the MSPB administrative record, as well as the administrative record from his separate Equal Employment Opportunity Commission ("EEOC") case. *See* Motion, pp. 4-11. The documents referenced show that Essom and Sholar recall that Petitioner asked to be transferred at some point prior to his removal, but do not recall when the request was made or, in Ms. Essom's case, how and when she learned about his request. Notably, there is no record evidence that Mr. Cordaro

---

[2] If necessary, at trial Respondent will produce witness testimony establishing that auditors employed by DACC are not entitled to a transfer between team assignments and further are not entitled to pick and choose their managers.

3

requested a transfer specifically because he worked in a hostile work environment due to his gender.

Petitioner's motion should be denied on multiple grounds. To the extent that Petitioner's Motion seeks to have this Court weigh the evidence and rule – as a matter of fact – that Petitioner requested Sholar transfer him off of Essom's team in October 2017, the Motion must be denied. First, Federal Rule of Civil Procedure 56(c)(1) (A) provides, "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" *M.B ex rel. Scott v. CSX Transp., Inc.*, No. 12-cv-0825, 2015 WL 5315961, at *9 (N.D.N.Y. Sept. 11, 2015) (quoting *Celotex v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 914 L.Ed.2d 265 (1986)). Here, Petitioner's Motion is not supported by admissible evidence. Second, discovery is ongoing and therefore summary judgment is premature. *See Casaccia v. City of Rochester*, 2020 WL 3316108, at *1 (W.D.N.Y. 2020), citing *Crystalline H20, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) ("The Second Circuit has denied motions for summary judgment as premature in cases where nonmoving party did not have 'a fully adequate opportunity for discovery.'"). In particular, Respondent has not had the opportunity to depose Petitioner on this and other more material issues. Third, Petitioner asks this Court to make a credibility determination about his supervisors' truthfulness in a hearing before a separate fact finder, an act that is prohibited on summary judgment. *Jeffreys v. City of New York*, 426 F.3d 549, 551 (2d Cir. 2005)("district courts may not weigh evidence or assess the credibility of witnesses at the summary judgment stage"). Finally, Petitioner's

unsupported accusation that Sholar and Essom committed perjury for which they should be punished is a vexatious statement that is representative of the unfortunate level of acrimony the Petitioner has interjected into this proceeding and should be disregarded in its entirety.

A court has "inherent power to control its docket" as "part of its function of resolving disputes between parties." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also U.S. v. Mosquera*, 813 F. Supp. 962, 966 (E.D.N.Y. 1993) ("The district court has the inherent power to control its own docket to ensure that cases proceed in a timely and orderly fashion."). This inherent power includes "the discretion to dictate the timing of a motion." *Charter Nat. Life Ins. Co. v. FPL Grp. Capital, Inc.,* No. 95 CIV. 9067 (SAS), 1997 WL 151033, at *1 (S.D.N.Y. Apr. 1, 1997) (ordering completion of discovery prior to filing of summary judgment motion). Petitioner's Motion invites this Court to take a piecemeal approach to resolving factual issues in this case, an approach which is wasteful of litigation resources and is disruptive to a fair and orderly resolution of Petitioner's appeal. The motion, therefore, should be denied.

### PETITIONER'S MOTION REGARDING DISCOVERY SHOULD BE DENEID.

Petitioner's Motion further seeks to compel Respondent to provide additional or different responses to his Requests for Admission and second document demands. Motion, Docket No. 29-1. This part of Petitioner's Motion should also be denied.

With regard to Petitioner's Rule 36 Requests for Admission ("RFA"), on or about February 18, 2020, Respondent received discovery demands from Petitioner. Over 267 of the requests asked Respondent co "confirm or deny" statements set forth by Petitioner. On

5

February 18, 2020, the undersigned contacted Petitioner by email for clarification as to whether Petitioner intended the requests to be RFAs under Rule 36 of the Federal Rules of Civil Procedure. Petitioner responded that he did intend the requests as Rule 36 RFAs. Exhibit A, Email Correspondence dated February 18, 2020.

On February 21, 2020, the undersigned and Petitioner spoke by telephone regarding his RFAs. The sum and substance of the conversation was memorialized in a follow-up email correspondence to Petitioner. Exhibit B, Email Correspondence dated February 21, 2020. Both in the telephone conference and the follow-up email correspondence, an effort was made to explain to Petitioner that his RFAs, in addition to being irrelevant and unduly burdensome, asked Respondent to admit to issues that are in dispute and therefore would result in denials. Petitioner revised his RFAs. However, they nevertheless still requested Respondent to admit facts that are in dispute. On April 8, 2020, Respondent sent Petitioner its response to his discovery demands, including the RFAs. Exhibit C, First Set of Responses to Petitioner Discovery Demands. Petitioner's Motion states that "DOD failed to respond with any meaningful support whatsoever for each and every question that was presented to DOD." To the contrary, as evidenced by attached responses at Exhibit C, Respondent replied to each RFA.

The purpose of Rule 36 RFAs "is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small–Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). Rule 36 "should not be used" unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation. *Azkour v. Haouzi*, 2014 WL 4467897, at *10 (S.D.N.Y. 2014)

(internal citations omitted).  Petitioner's RFAs consisted of over one hundred wide-ranging requests that asked Respondent to admit facts that are not true or are disputed.  Despite his inappropriate use of RFAs as a discovery tool, Respondent nevertheless responded to Petitioner's RFAs, and did so appropriately with denials.  "Where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response." *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988).

Petitioner further objects to Respondent's response to his second document demand on the basis that it is incomplete.  To the contrary, Respondent timely responded to each document request by providing responsive documents in DOD's possession.  Exhibit D, Response to Second Set of Requests for Production of Document by Petitioner to Respondent. The only responsive documents currently outstanding are those contained in the Petitioner's personnel file, and the delay in providing them is due to Petitioner's failure to provide an executed release required to obtain his confidential file.

## CONCLUSION

For the reasons stated above, Respondent respectfully requests this Court issue an order denying Petitioner's Motion and for such other relief as this Court deems warranted.

DATED:  Rochester, New York,
        July 8, 2020

                                        JAMES P. KENNEDY, JR.
                                        United States Attorney

                                BY:     s/KATHRYN L. SMITH
                                        Assistant United States Attorney
                                        Western District of New York
                                        100 State Street, 5th Floor
                                        Rochester, New York 14614
                                        585-399-3961
                                        Kathryn.L.Smith@usdoj.gov