UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL CORDARO

Petitioner,

v.

DEPARTMENT of DEFENSE,

Respondent.

REPORT AND RECOMMENDATION
and
DECISION AND ORDER

19-CV-6601-EAW-MJP

**Pedersen M.J.** On March 16, 2020, pro se Petitioner Michael Cordaro ("Petitioner") filed a motion to amend the pleadings in his case (ECF No. 23), as well as a motion for court intervention (ECF No. 29). On August 6, 2020, Petitioner filed a motion seeking sanctions. (ECF No. 35.) For the reasons stated below, the Court recommends denial of the motion to amend the pleadings, and further denies the motions for court intervention and sanctions.

### *Motion to Amend (ECF No. 23)*

Petitioner has moved for an order permitting him to amend his Petition for Review of a Merit Systems Protection Board ("MSPB") initial decision affirming his "mixed case" challenge to his removal from federal employment. (ECF No. 23.) Petitioner seeks leave to add a cause of action to his appeal that he was subjected to illegal harassment based on his gender, or retaliated against for engaging in protected activity when, in July 2018, Petitioner's supervisor sent an email to Department of Defense ("DOD") security personnel reporting concerns that Petitioner was stalking her ("Proposed Claim"). Having learned of the allegedly illegal email in February 2020 through Respondent's discovery disclosures, Petitioner has moved to

amend his Petition for Review to include the Proposed Claim. (ECF No. 23.) Contemporaneously with the motion, Petitioner also moved to amend his pending administrative action before the Equal Employment Opportunity Commission ("EEOC") to include the same Proposed Claim.

The jurisdiction of a Federal court is limited to only the powers authorized by the Constitution and statutes Congress has enacted. *Cty. of Nassau, N.Y. v. Hotels.com, LP*, 577 F.3d 89, 91 (2d Cir. 2009). This matter is here because it is a "mixed case"—it involves a review of the Merit System Protection Board's ("MSPB") decision (which would ordinarily lie with the Court of Appeals for the Federal Circuit), and a complaint of employment discrimination: "a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)." 29 C.F.R. § 1614.302(a)(1). In order for this Court to exercise jurisdiction over a "mixed case," the petitioner must have alleged the requirements of a mixed case before the MSPB. *Rizzo v. Wilkie*, No. CV 18-35-DLB-CJS, 2019 WL 1338392, at *7 (E.D. Ky. Mar. 25, 2019) ("For this Court to have jurisdiction then, Rizzo must have alleged the requirements of a mixed case before the MSPB"). The Sixth Circuit explained the reasoning for  granting jurisdiction to district courts in mixed cases, stating:

> The nature of the case determines which federal court has jurisdiction for purposes of judicial review. If the case before the Board raises no discrimination issues judicial review must be sought in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1). In "mixed" cases, which include a claim of discrimination, *see* note 2, *infra,* judicial review must be sought in federal district court. U.S.C.

§ 7703(b)(2). This distinction was made because individuals seeking judicial review in mixed cases are entitled to have the facts tried *de novo*. *See* 5 U.S.C. § 7703(c) Congress decided that federal district courts were more appropriate forums for mixed cases since they could involve additional fact-finding. *See* S. Rep. 969, 95th Cong., 2d Sess. (S. Rep.), 63, *reprinted in* 1978 U.S. Code Cong. & Ad. News (1978 Cong. News) 2723, 2785.

*Ballard v. Tennessee Valley Auth.*, 768 F.2d 756, 758 (6th Cir. 1985).

The District Court lacks jurisdiction over the Proposed Claim because Petitioner did not raise it before the MSPB. Further, Petitioner's EEOC action is ongoing and, as such, he has not exhausted his administrative remedies. Therefore, the undersigned recommends that the District Judge deny Petitioner's motion to amend the pleadings (ECF No. 23).

### Motion for Court Intervention (ECF No. 29)

Petitioner's application for Court intervention appears to consist of two separate motions. There is a motion for a factual finding (ECF No. 29, 1–14), which the undersigned interprets as a motion in limine, and an objection  to the Respondent's responses to Petitioner's discovery demands; in particular, Petitioner's Requests for Admission and Second Requests for Production, which the undersigned interprets as a motion to compel. (ECF No. 29-1, 1–16).

With regard to Petitioner's application seeking, in his words, "sanctions," he wrote: "Testimony of Ms. Sholar and Ms. Essom should be treated as perjury and should be punishable through court sanctions accordingly." (ECF No. 29 at 12.) Ms. Sholar and Ms. Essom are not parties to this litigation. Consequently, the Court has no jurisdiction to sanction these two non-parties. Further, to the extent that Petitioner seeks the sanction of striking evidence, the application is better presented

to the District Judge once the case is before her for either dispositive motions or for trial. Further, even if the Court construed the application as one seeking summary judgment, discovery is ongoing and, therefore, summary judgment is premature. *See Casaccia v. City of Rochester*, 2020 WL 3316108, at *1 (W.D.N.Y. 2020), citing *Crystalline H20, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) ("The Second Circuit has denied motions for summary judgment as premature in cases where nonmoving party did not have 'a fully adequate opportunity for discovery.'"). Factual discovery does not close until November 30, 2020. (Scheduling Order at 1, ECF No. 33.) Further still, the district court is not permitted to make factual findings in an application for summary judgment. Fed. R. Civ. P. 56(c); *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994) ("the trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution.").

Additionally, a court has "inherent power to control its docket" as "part of its function of resolving disputes between parties." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also United States v. Mosquera,* 813 F. Supp. 962, 966 (E.D.N.Y. 1993) ("The district court has the inherent power to control its own docket to ensure that cases proceed in a timely and orderly fashion."). This inherent power includes "the discretion to dictate the timing of a motion." *Charter Nat. Life Ins. Co. v. FPL Grp. Capital, Inc.,* No. 95 CIV. 9067 (SAS), 1997 WL 151033 , at *1 (S.D.N.Y. Apr. 1,

4

1997) (ordering completion of discovery prior to filing of summary judgment motion). Petitioner's Motion invites this Court to take a piecemeal approach to resolving factual issues in this case, an approach which likely would inhibit an orderly resolution of Petitioner's appeal.

The final issue presented is Petitioner's objection to Respondent's response to his second document demand on the basis that it is incomplete. To the contrary, Respondent timely responded to each document request by providing responsive documents in its possession. Exhibit D of Respondent's response in opposition to the motion to amend (ECF No. 31-1) is the Response to Second Set of Requests for Production of Document by Petitioner to Respondent. From the exhibits, it appears that the only responsive documents currently outstanding are those contained in the Petitioner's personnel file, and the delay in providing them is due to Petitioner's failure to provide an executed release required to obtain his confidential file.

### *Motion for Sanctions (ECF No. 35)*

In his application for sanctions, Petitioner characterizes Respondent's counsel's admonishment with regard to contacting current employees of the DOD as suggesting that Petitioner acted unethically and unlawfully. (Mot. for Sanctions at 2.) As the undersigned has explained to Petitioner during court appearances, Respondent's counsel was only cautioning Petitioner to contact current employees of the defendant through her, not that his actions were illegal or unethical. Attorneys at law are constrained by the Rules of Professional Conduct, one of which states in part:

> In representing a client, a lawyer shall not communicate or cause
> another to communicate about the subject of the representation with a
> party the lawyer knows to be represented by another lawyer in the
> matter, unless the lawyer has the prior consent of the other lawyer or is
> authorized to do so by law.

N.Y. Rules of Professional Conduct Rule 4.2(a). The Court notes that a further provision of this rule would permit a lawyer acting *pro se* to contact a represented person, "provided the lawyer . . . gives reasonable advance notice to the represented person's counsel that such communications will be taking place." *Id*. Rule 4.2(c). The undersigned explained that although the Rules of Professional Conduct do not apply to Petitioner, nevertheless, Respondent's counsel was within her right to request that his communications with represented individuals, including his former colleagues at the DOD, be made only after arranging it with her. The Court does not interpret counsel's actions to imply that Petitioner acted unethically or illegally.

The Court does not have authority to prohibit Petitioner from contacting his former colleagues, but strongly encourages him to confer with Respondent's counsel before doing so. *See Burns v. Bank of America*, No. 03 CIV.1685 RMB JCF, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (court held that former Disciplinary Rule, predecessor to the N.Y. Rules of Professional Conduct, did not prohibit *pro se* plaintiff from contacting Bank of America employees, but strongly encouraged that plaintiff "take up any future discovery issues with opposing counsel rather than with the corporate client.").

Later in the same motion, Petitioner asks the Court to "sanction the Agency for its comments made against the appellant in writing with regards to the conduct of the appellant." (Mot. for Sanctions at 4.) He contends that the Agency should be

sanctioned "for their [sic] wrongful decision to contact the court when they admitted that no violation had been made." (*Id.*) The Court declines to do so since neither the counsel, nor Respondent's agents have engaged in sanctionable conduct.

## CONCLUSION

For the reasons stated above, the undersigned recommends that the District Judge deny Petitioner's motion to amend the pleadings (ECF No. 23), and denies Petitioner's motion for court intervention (ECF No. 29) and motion for sanctions (ECF No. 35).

SO ORDERED

Dated:  October 19, 2020
        Rochester, NY

MARK. W. PEDERSEN
United States Magistrate Judge

7