UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL CORDARO,

                    Plaintiff,                         **DECISION AND ORDER**

          v.
                                                       6:19-CV-06601 EAW
DEPARTMENT OF DEFENSE,

                    Defendant.
_____

## BACKGROUND

*Pro se* plaintiff Michael Cordaro ("Plaintiff") commenced the instant action on July 1, 2019, by docketing a petition for review of a decision of the Merit Systems Protection Board ("MSPB") with the United States Court of Appeal for the Federal Circuit.  (Dkt. 1 at 2).  The MSPB had entered a decision on May 21, 2019, rejecting Plaintiff's appeal of defendant Department of Defense's ("DOD" or "Defendant") decision to remove him from his position as "Auditor, GS-12, Field Detachment, North Central Branch Office, Rochester, New York."  (*Id*. at 32).

On August 16, 2019, the Federal Circuit issued an order concluding that this was a "mixed case" in which Plaintiff was both challenging the MSPB's decision and asserting an affirmative claim of discrimination and that it accordingly lacked jurisdiction.  (*Id*. at 254-55).  In particular, the Federal Circuit noted that Plaintiff had raised the affirmative defense of gender discrimination before the MSPB.  (*Id*. at 254).  The Federal Circuit ordered that the action be transferred to this District, because "review of a . . . mixed case must be sought in federal district court."  (*Id*. at 255).

Defendant filed its answer on December 5, 2019.  (Dkt. 18).  The matter was thereafter referred to United States Magistrate Judge Mark W. Pedersen for, among other things, supervision of discovery and "all non-dispositive motions or applications including those to amend the pleadings."  (Dkt. 19 at 1).[1]

On March 16, 2020, Plaintiff filed a motion for leave to amend.  (Dkt. 23). Specifically, Plaintiff indicated that he wished to assert additional claims for "reprisal and harassment" against Defendant.  (*Id.* at 1).  Defendant filed its opposition to the motion for leave to amend on May 4, 2020.  (Dkt. 27).

On June 24, 2020, Plaintiff filed a motion for court intervention.  (Dkt. 29). Defendant filed its opposition to this motion on July 8, 2020.  (Dkt. 31).  Plaintiff then filed a motion for sanctions on August 6, 2020.  (Dkt. 35).

On October 19, 2020, Judge Pedersen entered a combined Decision and Order and Report and Recommendation denying Plaintiff's motions for court intervention and for sanctions and recommending that the undersigned deny Plaintiff's motion for leave to amend.  (Dkt. 39) (the "Report and Recommendation").

Plaintiff filed objections to the Report and Recommendation on October 28, 2020. (Dkt. 40).[2]  Defendant filed a response to Plaintiff's objections on November 13, 2020

---

[1]     The referral order was entered by the Hon. Michael A. Telesca.  (Dkt. 19). Following Judge Telesca's death in March of 2020, the matter was transferred to the undersigned.  (Dkt. 24).

[2]     Plaintiff did not raise any objection to Judge Pedersen's denial of his motions for court intervention and for sanctions, and so the Court does not review Judge Pedersen's Decision and Order as to those motions.

(Dkt. 42), and Plaintiff filed a reply on November 24, 2020 (Dkt. 43).

For the reasons set forth below, the Court denies Plaintiff's objections, adopts the Report and Recommendation, and denies Plaintiff's motion for leave to amend.[3]

## DISCUSSION

"The Second Circuit has stated, albeit in dicta, that a motion to amend is a 'nondispositive' matter which can be determined by a magistrate judge, pursuant to Fed. R. Civ. P. 72(a), subject to review under the 'clearly erroneous' standard set out therein." *Coral Crystal, LLC v. Fed. Ins. Co.*, No. 17-CV-1007 LTS BCM, 2021 WL 84308, at *1 n.1 (S.D.N.Y. Jan. 11, 2021) (citing *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007)). However, some courts in this Circuit have determined that "a denial of leave to amend premised on 'futility' is akin to the grant of a motion to dismiss . . . and should therefore be deemed dispositive, requiring *de novo* review pursuant to Rule 72(b)." *Id.* (collecting cases). In this case, regardless of the standard applied, the Court finds no error in Judge Pedersen's denial of Plaintiff's motion for leave to amend.

"Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile." *Murdaugh v. City of New York*, No. 10 CIV. 7218 HB, 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011); *see also see Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile

---

[3]     Plaintiff has also filed a motion for an extension of time related to discovery, which is pending before Judge Pedersen. (Dkt. 44). Defendant has filed a motion for summary judgment, as to which briefing is ongoing. (Dkt. 47; Dkt. 48). Those motions will be decided in due course and are not impacted by the instant Decision and Order.

if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (citation omitted)).  Here, Plaintiff's proposed amendments could not survive a motion to dismiss, and so the Court accepts Judge Pedersen's recommendation that leave to amend be denied.

As an initial matter, the Court notes that Plaintiff's motion for leave to amend did not comply with this District's Local Rules of Civil Procedure, in that Plaintiff did not submit to the Court a complete proposed amended pleading.  *See* L. R. Civ. P. 15(a) ("A movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion.  The proposed amended pleading must be a complete pleading superseding the original pleading in all respects.").  While the Court could deny the motion for leave to amend based on this failure, it will not do so in light of Plaintiff's *pro se* status.  However, Plaintiff is cautioned that all future filings in this case are expected to comply with the Local Rules.

Plaintiff's failure to submit a complete proposed amended pleading has introduced uncertainty as to the scope of the claims he seeks to add to this action.  In the motion for leave to amend, he stated merely that he wanted to "try the agency for reprisal and harassment."  (Dkt. 23 at 1).  Plaintiff also appended to the motion for leave to amend documents indicating that these new claims were based on an incident in July 2018 where his supervisor sent an email to DOD security personnel indicating that she feared Plaintiff was stalking her.  (*See* Dkt. 23-1 at 5-7).

However, in his objections, Plaintiff lists a number of other claims that he wishes to add, including: (1) a discrimination claim based on an incident in which two female

auditors were given a transfer that Plaintiff had requested; (2) a claim that Plaintiff's supervisor discriminated against him on the basis of his physical appearance—namely, the fact that he "suffers from the physical condition of amblyopia (commonly known as a 'lazy eye')"; (3) two claims for retaliation; (4) a claim for discrimination based on an incident wherein a "blue 'slime'" was placed on his desk drawer handle; (5) a claim for a hostile work environment; and (6) a general claim based on his work appraisals and evaluations. (Dkt. 40 at 3-7).[4]

The Court lacks jurisdiction over any of the proposed amended claims set forth in either the motion for leave to amend or Plaintiff's objections.  Read liberally, Plaintiff's proposed amendments seek to assert claims of retaliation and discrimination based on gender and disability pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* (the "Rehabilitation Act").  However, both these statutes require exhaustion of administrative remedies before a claim can be brought by a federal employee.  *See Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019) (discussing Title VII exhaustion requirements); *Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 171 n.11 (2d Cir. 2013) (noting that the Rehabilitation Act imposes an exhaustion requirement for claims

---

[4]     "[A] party waives any arguments not presented to the magistrate judge." *Castorina v. Saul*, No. 19-CV-991 AJN BCM, 2020 WL 6781078, at *1 (S.D.N.Y. Nov. 18, 2020) (citation omitted).  The Court would thus be justified in denying leave to assert claims not identified in the initial motion for leave to amend on this basis.  Nonetheless, again in light of Plaintiff's *pro se* status, the Court has considered the viability of the new claims set forth in his objections.

against a federal employer).[5]  Here, while Plaintiff has asserted or sought to assert some of the claims he now seeks to add to this action in a complaint submitted to the Equal Employment Opportunity Committee ("EEOC"), the record before the Court reflects that his EEOC proceedings have not concluded, and so he has not exhausted his administrative remedies.  (*See* Dkt. 42-2 at ¶¶ 5-10).

Further, Plaintiff's appeal to the MSPB did not exhaust administrative remedies as to the proposed amended claims, nor could it have done so.  "An employee may appeal only five types of employment actions directly to the MSPB: (1) removal, (2) suspension for more than fourteen days, (3) reduction in grade, (4) reduction in pay, and (5) a furlough of thirty days or less."  *Walia v. Napolitano*, 986 F. Supp. 2d 169, 181 (E.D.N.Y. 2013). Accordingly, in order to assert a claim in a mixed case before the MSPB, "a plaintiff must allege that the defendant has taken one of the five designated actions against him[.]"  *Id.*; *see also Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998) ("The [MSPB] . . . has pendent jurisdiction over discrimination claims brought in connection with an 'adverse action' otherwise appealable to it.").  Here, none of Plaintiff's proposed amended claims involves

---

[5]     While the Report and Recommendation discussed exhaustion in terms of jurisdiction (*see* Dkt. 39 at 2-3), the Supreme Court held in *Davis* that Title VII's statutory exhaustion requirement is "a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."   139 S. Ct. at 1851. However, whether exhaustion is a mandatory claim processing rule or a jurisdictional prerequisite does not change the Court's conclusion that Plaintiff's proposed amendments are futile.  *See Baker v. CT Transit*, No. 3:18-CV-01534 (MPS), 2020 WL 7129581, at *2-4 (D. Conn. Dec. 4, 2020) (finding motion to dismiss based on failure to exhaust properly considered under Rule 12(b)(6) and granting same as to unexhausted claims).

one of the five enumerated employment actions that an employee may appeal to the MSPB, and so he could not have asserted them in his appeal to that entity.

Further, even assuming that Plaintiff could have exhausted the proposed amended claims by asserting them before the MSPB, he did not do so. In the appeal he filed with the MSPB, Plaintiff indicated that the only personnel action or decision he was challenging was his termination. (Dkt. 27-3 at 4). Accordingly, the only claim by Plaintiff addressed in the MSPB decision is his affirmative defense that he was terminated as the result of gender discrimination. (*See* Dkt. 42-2 at 18-21). There is simply no indication in the record before the Court that the claims Plaintiff now seeks leave to add to his pleading were administratively exhausted before the MSPB. Plaintiff's motion for leave to amend is thus properly denied as futile.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's objections (Dkt. 40), adopts the Report and Recommendation (Dkt. 39), and denies Plaintiff's motion for leave to amend (Dkt. 23).

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: February 3, 2021
       Rochester, New York